UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

VICTOR BENITEZ,

                                        Plaintiff,

        -against-

THE CITY OF NEW YORK, "JOHN" SMITH, the first name being unknown and fictitious, being a Captain employed by the New York City Correction Department, and "JOHN" GAINES and "JANE" SANTIAGO, the first names being Correction Officers employed by the New York City Correction Department,

                                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

07 CV 4814 (PAC)

JURY TRIAL DEMANDED

        Defendant City of New York ("City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the first amended complaint, respectfully alleges, upon information and belief, as follows:

        1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that a document purporting to be a notice of claim was filed with the Comptroller's Office on or about March 7, 2007.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint, except admits that the document purporting to be a notice of claim was in writing.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that no payment has been made by the City.

8. Denies the allegations set forth in paragraph "8" of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admits that plaintiff was in the custody of the Department of Corrections.

10. Admit the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admit that the City of New York is a municipal corporation incorporated and existing under the laws of New York State and that the City of New York maintains a Department of Correction.

12. Denies the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that Correction Officers Allen Gaines and Lydia Santiago are employees of the New York City Department of Correction.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admit that Defendants Gaines and Santiago were assigned to GMDC on January 25, 2007.

15. The allegations set forth in paragraph "15" of the complaint are conclusions of law and not averments of fact, and as such do not warrant a response.

16. The allegations set forth in paragraph "16" of the complaint are conclusions of law and not averments of fact, and as such do not warrant a response.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the disposition of any charges.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff was treated for injuries at Elmhurst Hospital Center.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31", inclusive of this answer, as is fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "34", inclusive of this answer, as is fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31."

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31."

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31."

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31."

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31."

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31."

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31."

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies that the plaintiffs are entitled to any of the relief demanded in paragraphs A-F, immediately following paragraph "62".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

64. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

65. The City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

66. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

67. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

68. Plaintiff failed to comply with the statutory requirements of New York Municipal Law 50-e and therefore any claims arising under that statute should be summarily dismissed as a matter of law.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:**

69. Plaintiff provoked any incident.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

70. Plaintiff cannot obtain punitive damages as against the City of New York.

- 7 -

**WHEREFORE,** defendant City of New York respectfully requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York

August 24, 2007

        MICHAEL A. CARDOZO
        Corporation Counsel of the
        City of New York
        Attorney for Defendant City of New York
        100 Church Street
        New York, New York 10007
        (212) 788-0987

        By:     /S/ Brian G. Maxey
        BRIAN MAXEY (BM 0451)

To:    Matthew Flamm, Esq.
        Attorney for Plaintiff
        26 Court Street, Suite 600
        Brooklyn, NY  11242

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR BENITEZ,

                                                                     Plaintiffs,

-against-

THE CITY OF NEW YORK, "JOHN" SMITH, the first name being unknown and fictitious, being a Captain employed by the New York City Correction Department, and "JOHN" GAINES and "JANE" SANTIAGO, the first names being Correction Officers employed by the New York City Correction Department,

                                                                     Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendant*
   *100 Church Street, 3-155*
   *New York, N.Y.  10007*

   *Of Counsel:  Brian G. Maxey*
   *Tel:  (212) 788-0987*
   *NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .................................................., 2007 . . .*

*...................................................................Esq.*

*Attorney for ........................................................*