UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

VICTOR BENITEZ,

                Plaintiff,

- against -

THE CITY OF NEW YORK, JEROME RICE,
ALLEN GAINES and LYDIA SANTIAGO,

                Defendants.

------------------------------------------------------------------x

FIRST AMENDED COMPLAINT
07 CV 4814 (PAC)

Jury Trial Demanded

      Victor Benitez, by his attorney, Matthew Flamm, alleges the following as his First Amended Complaint:

### Nature of the Action

      1.     This civil rights action arises from the brutal and unnecessary use of force on Victor Benitez on January 25, 2007 while plaintiff was a sentenced inmate imprisoned in a City-run jail on Rikers Island.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of his civil rights.

### Jurisdiction and Venue

      2.     This action arises under the Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, the Constitution of the State of New York, and New York statutory and common law.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367 and asks that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

      3.     Pursuant to 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because the events forming the basis of plaintiff's Complaint occurred in that District.

Notice of Claim

4. On March 7, 2007, and within ninety days after the claims arose, plaintiff caused a Notice of Claim to be served upon defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

5. The Notice of Claim was in writing and was sworn to by the plaintiff.

6. The Notice of Claim contained the name and post office address of the plaintiff, the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

7. Defendant City of New York has failed to adjust the claims within the statutory time period.

8. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

Parties

9. Plaintiff Victor Benitez is a citizen of the United States of America who, at all times relevant, was in the custody and control of the City of New York and its employees.

10. On or about January 25, 2007, Victor Benitez was a sentenced inmate housed in the George Motchan Detention Center ("GMDC"), a correctional facility located on Rikers Island, in the County of the Bronx, New York.

11. Defendant City of New York is a municipal corporation duly incorporated and existing under the laws of New York State. Pursuant to its Charter, New York City has established and maintains a Department of Correction as a constituent department or agency. At all times relevant, the City of New York employed the defendants more fully identified in paragraphs 12-14 below.

12. Defendant JEROME RICE was at all times relevant a duly appointed and acting employee of the New York City Correction Department holding the rank of Captain. Defendant Rice, at the time of the events complained of, had direct supervisory responsibility over the two other individual defendants.

13. Defendants ALLEN GAINES and LYDIA SANTIAGO were at all times relevant duly appointed and acting employees of the New York City Correction Department holding the rank of Correction Officer.

14. On January 25, 2007, defendants RICE, GAINES and SANTIAGO (the "individual defendants") were assigned to GMDC.

15. At all times relevant, the individual defendants were acting under color of state law.

16. The individual defendants were at all times relevant agents, servants and employees acting within the scope of their employment by defendant City of New York.

### Facts Underlying
### Plaintiff's Claims for Relief

17. On January 25, 2007 at or around 8:00 a.m. at the George Motchan Detention Center, in a School Area near to the Receiving Room, plaintiff was assaulted and beaten by the individual defendants.

18. On that date and at around that time, Mr. Benitez had been directed to pack up his property for transfer from GMDC to the Anna M. Kross Center, another facility on Rikers Island and one where sentenced inmates are jailed.

19. He complied with the directive and was escorted from his housing area, 7 Main, to the Receiving Room and then to a School area near to the Receiving Room.

20. He was then assaulted by the three individual defendants.

21. Defendant Rice grabbed plaintiff's legs. Defendant Gaines, among other things, struck Mr. Benitez in the face multiple times. Defendant Santiago kneed Mr. Benitez in his lower back and stepped on plaintiff's left hand. Mr. Benitez was kicked.

22. The pain from the blows to Benitez's head and body was intense and plaintiff lost consciousness.

23. The individual defendants, or other employees of defendant City of New York, seized from Mr. Benitez and did not return his neck chain, bracelet and timberland boots.

24. At no time did Mr. Benitez assault or attempt to assault any Correction Department employee.

25. Despite the attack and the realistic opportunity to intervene therewith, none of the three individual defendants took any action to prevent, end or truthfully report the incident. In fact, the individual defendants, and each of them, acted to coverup their misconduct by, among other things, filing false charges against Mr. Benitez alleging violation of inmate rules.

26. Upon information and belief, the false inmate disciplinary charges against Mr. Benitez were dismissed.

27. Mr. Benitez suffered physical injuries as a result of the misconduct to which he was subjected, including physical pain and the shock, fright and other emotional injuries associated therewith.

28. After the assault, Mr. Benitez was removed by ambulance to Elmhurst Hospital Center, where he was received in the Emergency Room with a cervical collar and backboard. He was examined and found to have multiple bruises to the body, to both sides of his face and to his eyes. His right pupil was slightly sluggish. Mr. Benitez was dizzy, light-headed and nauseous, his vision was blurry and his left hand was in pain.

29. As a result of the assault, Mr. Benitez sustained a right orbital floor fracture with depression of the fragment, entrapment of the inferior orbital muscle, intraorbital fat herniation, right preoribtal and maxillary subcutaneous swelling and blood in the right maxillary antrum.

30. Mr. Benitez, in addition to physical, emotional and other injuries, sustained financial injuries and violation of his constitutional rights. Plaintiff has received bills totaling over one thousand dollars from Elmhurst Hospital. Mr. Benitez's neck chain, bracelet and timberland boots were taken and not returned.

31. The individual defendants acted intentionally, willfully, maliciously, with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHTS UNDER THE UNITED STATES CONSTITUTION

32. Plaintiff repeats each allegation of paragraphs 1-31 as if set forth in full herein.

33. When they used force on Mr. Benitez, the individual defendants used unreasonable force amounting to punishment, thereby violating plaintiff's rights under the United States Constitution.

34. As a consequence thereof, plaintiff has been injured.

### SECOND CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHTS UNDER THE NEW YORK STATE CONSTITUTION

35. Plaintiff repeats each allegation of paragraphs 1-31 as if set forth in full herein.

36. By the actions described above, the individual defendants used unnecessary and excessive force not reasonably justified by any circumstances and used for no proper purpose, thereby violating plaintiff's rights secured by Article 1, Section 5 of the New York State Constitution.

37. As a consequence thereof, plaintiff has been injured.

### THIRD CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHTS UNDER NEW YORK STATE CORRECTION LAW

38. Plaintiff repeats each allegation of paragraphs 1-31 as if set forth in full herein.

39. By the actions described above, the individual defendants deprived Victor Benitez of his rights secured under New York State Correction Law sections 500-K and 137(5).

40. As a consequence thereof, plaintiff has been injured.

### FOURTH CLAIM FOR RELIEF FOR ASSAULT

41. Plaintiff repeats each allegation of paragraphs 1-31 as if set forth in full herein.

42. By reason of the foregoing, the defendants placed Victor Benitez in apprehension of imminent harmful and offensive contact, thereby committing an assault.

43. As a consequence thereof, plaintiff has been injured.

### FIFTH CLAIM FOR RELIEF FOR BATTERY

44. Plaintiff repeats each allegation of paragraphs 1-31 as if set forth in full herein.

45. By reason of the foregoing, the defendants struck Victor Benitez in a harmful and offensive manner, thereby committing a battery.

46. As a consequence thereof, plaintiff has been injured.

### SIXTH CLAIM FOR RELIEF FOR IMPROPER SUPERVISION BY DEFENDANT RICE

47. Plaintiff repeats the allegations of paragraphs 1-31 as if set forth in full herein.

48. Defendant Rice held the rank of Captain and had direct supervisory responsibility for the conduct of defendants Gaines and Santiago.

49.     Defendant Smith participated in the incident, failed properly to supervise his subordinates or to otherwise take action to remedy the wrongs done to Mr. Benitez, thereby displaying a deliberate indifference to plaintiff's rights.

50.     As a consequence thereof, plaintiff has been injured.

### SEVENTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

51.     Plaintiff repeats the allegations of paragraphs 1-31 as if set forth in full herein.

52.     The individual defendants failed to intervene to prevent, end or report the unlawful conduct to which plaintiff was subjected despite that they had reasonable opportunities to do so.

53.     The individual defendants, and each of them, thereby displayed deliberate indifference to plaintiff's rights to be free from unreasonable force.

54.     As a consequence thereof, plaintiff has been injured.

### EIGHTH CLAIM FOR RELIEF FOR CONVERSION

55.     Plaintiff repeats the allegations of paragraphs 1-31 as though fully stated herein.

56.     The City of New York, through its employees or agents, intentionally and without lawful authority exercised control over plaintiff's property, thereby interfering with plaintiff's right of possession.

57.     As a consequence of the foregoing acts and omissions by defendant City's employees and/or agents acting within the scope of their employment, plaintiff has been injured.

### NINTH CLAIM FOR RELIEF FOR NEGLIGENCE

58.     Plaintiff repeats each allegation of paragraphs 1-31 as if set forth in full herein.

59.     The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its Correction personnel.

60.     The defendant City of New York's failure properly to assign, train, supervise or discipline its Correction personnel, including the employees involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional uses of force allowing the Correction employees here to believe, among other things, that they could with impunity beat the plaintiff and falsify reports about the incident.

61.     By reason of the foregoing, defendant City of New York, through its agents, servants and employees, breached its duty to properly assign, train, supervise or discipline its Correction staff.  Defendants' agents, servants and employees failed and refused to use such care in the performance of their duties as reasonably prudent Correction personnel would have used under similar circumstances.

62.     As a consequence thereof, plaintiff has been injured.

<u>Request for Relief</u>

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)     Declaratory relief as follows:

1.      A declaration that plaintiff's rights under the United States Constitution were violated;

2.      A declaration that plaintiff's rights under Article 1, Section 5 of the New York State Constitution were violated;

3.      A declaration that plaintiff's rights under New York State Correction Law sections 500(k) and 137(5) were violated;

(B)     Compensatory damages in an amount to be fixed at trial;

 (C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

 (D) An award to plaintiff of the costs and disbursements herein;

 (E) An award of attorney's fees under 42 U.S.C. §1988; and

 (F) Such other and further relief as this Court may deem just and proper.

Dated: September 28, 2007
   Brooklyn, New York

               _____
               MATTHEW FLAMM **MF1309**
                Attorney for Plaintiff
               26 Court Street, Suite 600
               Brooklyn, New York 11242
               (718) 797-3117